Scot Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HISENSE USA CORPORATION, a Georgia corporation; WALMART INC., a Delaware corporation; THE AARON'S COMPANY, INC., a Georgia corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:24-cv-03537<br><br>COMPLAINT FOR:<br><br>1. Copyright Infringement;<br>2. Vicarious and/or Contributory Infringement; and<br>3. Violation of the DMCA: 17 U.S.C. § 1202<br><br><u>Jury Trial Demanded</u> |

Dr. Elliot McGucken ("Plaintiff" or "McGucken"), by and through his undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant Hisense USA Corporation ("Hisense") is a Georgia corporation and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Walmart Inc. ("Walmart") is a Delaware corporation and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant The Aaron's Company, Inc. ("Aaron's") is a Georgia domestic profit corporation and is doing business in and with the State of California.

8. Defendants Does 1 through 10, inclusive, (altogether with Hisense, Walmart, and Aaron's, "Defendants") are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said

1 Defendants by such fictitious names, and will seek leave to amend this Complaint
2 to show their true names and capacities when same have been ascertained.

3     9. Plaintiff is informed and believes and thereon alleges that at all times
4 relevant hereto each of the Defendants was the agent, affiliate, officer, director,
5 manager, principal, alter-ego, and/or employee of the remaining Defendants and
6 was at all times acting within the scope of such agency, affiliation, alter-ego
7 relationship and/or employment; and actively participated in or subsequently
8 ratified and adopted, or both, each and all of the acts or conduct alleged, with full
9 knowledge of all the facts and circumstances, including, but not limited to, full
10 knowledge of each and every violation of Plaintiff's rights and the damages
11 proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

13     10. McGucken is an acclaimed photographer who created and owns the
14 original photograph depicted in **Exhibit A** attached hereto ("Subject Photograph").

15     11. McGucken registered the Subject Photograph with the U.S. Copyright
16 Office.

17     12. Prior to the acts complained of herein, McGucken published and widely
18 publicly displayed and disseminated the Subject Photograph including without
19 limitation on McGucken's website *www.mcgucken.com*.

20     13. Following McGucken's dissemination and display of the Subject
21 Photograph, Defendants, and each of them copied, reproduced, displayed,
22 distributed, created derivative works, and/or otherwise used the Subject
23 Photograph without license, authorization, or consent, including by using the
24 Subject Photograph online on *global.hisense.com*, *www.walmart.com*,
25 *www.amazon.com*, *www.aarons.com*, *www.hisense.com.co*, *www.hisense-
26 india.com*, *www.hisensecac.com*, *www.amazon.ca*, and *www.shophisense.com*
27 ("Infringing Uses"). The Infringing Uses were made widely and publicly available

online. True and correct, non-inclusive screen captures of the Infringing Uses are included in **Exhibit A** hereto.

14. McGucken is informed and believes that thereon alleges that Defendants, and each of them, accessed the Subject Photograph through, without limitation, McGucken's website, McGucken's many features and publications, or through social media, then distributed the Subject Photograph without permission or authorization from McGucken to the remaining defendants.

15. On information and belief, Defendants displayed the Subject Photograph on websites which correspond to Internet Protocol Addresses located in the United States.

16. On information and belief, it is alleged that the Infringing Uses and/or the Subject Photograph are stored on servers in the United States and the Subject Photograph was distributed by Defendants, and each of them, into and/or out of the United States.

17. Defendants, and each of them, copied the Subject Photograph from an artist located in the United States.

18. On information and belief, it is alleged that Defendants made unauthorized copies of the Subject Photograph and then cropped and edited the works before adding their own name to the works and publishing the same under their own name and/or a false name.

19. A comparison of the Subject Photograph with the corresponding images of the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

20. McGucken is informed and believes and thereon alleges that Defendants, and each of them, were involved in creating and/or developing the Infringing Uses, and/or supplying, marketing, distributing, selling, and otherwise

providing the Infringing Uses to third parties, including without limitation, to the public.

21. McGucken has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photograph.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

22. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. On information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on McGucken's website, (b) viewing Subject Photograph online, (c) viewing Subject Photograph through a third party, and (d) obtaining the Subject Photograph from an unknown online source. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Uses.

24. On information and belief, McGucken alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph, including without limitation as seen in **Exhibit A** attached hereto.

25. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

26. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of

McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

28. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

### (Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

29. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. On information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided, and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

31. On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Uses, and were able to supervise the distribution, broadcast, and publication of the Infringing Uses.

32. On information and belief, Plaintiff alleges that Defendants, and each of them, published and authorized the re-publication of the Subject Photograph without consent to third parties, financially benefited from this publication, and had the right to recall the re-publications or otherwise stop or limit the infringement.

33. On information and belief, Plaintiff alleges that Defendants, and each of them, received notice that the articles and publications at issue included infringing content and thereafter continued to post and distribute those articles to third parties, including online, and failed to recall said posts or take steps to address the infringements.

34. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

36. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

37. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. McGucken regularly published the Subject Photograph with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. McGucken's CMI included, without limitation, his name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to McGucken's website and online profiles.

39. On information and belief, McGucken alleges that Defendants, and each of them, intentionally removed and altered McGucken's CMI and violated 17 U.S.C. § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph.

40. On information and belief, McGucken alleges that Defendants, and each of them, did distribute or import for distribution copyright management information knowing that the CMI has been removed or altered without authority of McGucken or the law.

41. On information and belief, McGucken alleges that Defendants, and each of them, did distribute and publicly display works and copies of works knowing that copyright management information has been removed or altered without authority of McGucken or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

42. On information and belief, McGucken alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added false attribution information to uses of

the Subject Photograph, including displaying the Subject Photograph with false copyright information.

43. On information and belief, McGucken alleges that Defendants, and each of them, knew that they were providing false copyright management information to its copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photograph.

44. Defendants, and each of them, removed and falsified the copyright management information relevant to the Subject Photograph knowing that it would conceal and facilitate the infringement at issue.

45. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

46. On information and belief, McGucken alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and McGucken resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, marketing and advertisement materials.

    b.    That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

    c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

    d.    That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

    e.    That Plaintiff be awarded his costs and fees under the statutes set forth above;

    f.    That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

    g.    That Plaintiff be awarded pre-judgment interest as allowed by law;

    h.    That Plaintiff be awarded the costs of this action; and

    i.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 30, 2024    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*